HOUSE, RECEIVER FOR PLANTERS FIRE INSURANCE COMPANY
v. DAVIS.

Opinion delivered October 1, 1917.

1. INSURANCE—BINDING CONTRACT COMPLETED, WHEN.—Where an insurance company accepts an application for insurance, and issues the policy, there being nothing further for the insurance company to do, the policy becomes binding upon the parties when the insurance company mails it to the applicant.

2. INSURANCE—BINDING CONTRACT OF.—An insurance company issued a policy in pursuance of an application and mailed it to

the applicant. The company requested the applicant to notify it if the policy was not received within fifteen days. *Held*, where he gave no notice to the company the applicant would thereafter be estopped to deny the issuance of the policy.

Appeal from Columbia Circuit Court; *C. W. Smith*, Judge; reversed.

*Joe Joiner*, for appellant.

The court's instructions 1 and 2 were misleading. Actual receipt of the policy by the insured was not necessary to fix the liability. Where nothing remains to be done by the insurer, the mailing of the policy duly executed to the insured, constitutes delivery. 97 Ark. 229; 65 Ark. 581; 96 N. W. 954; 98 Ark. 388; 19 Cyc. 603. Manual delivery is not essential to render a policy binding. 9 Ky. Law Rep. 932; 28 Me. 51; 48 Am. Dec. 474; 87 U. S. 560; 64 N. H. 137; 26 N. J. Law 268; 23 Wend. 18; 12 So. 25; 54 N. E. 914; 19 Cyc. 609; 85 Ark. 169.

The verdict was contrary to the evidence and to the law as declared by the court in instruction 5. The court should have directed a verdict for the appellant. 97 Ark. 438; 89 Ark. 24; 110 Ark. 571; 114 Ark. 574; 116 Ark. 284.

*Stevens & Stevens*, for appellees.

1. On the whole record the appellant has not made out a case. The note was not the entire contract, but that in connection with the application, the agent's receipt for the application and the policy, constituted the contract of insurance.

The policy could not become binding on appellee until delivery to him. He was entitled to see it to ascertain if it was the policy contracted for, and to a reasonable time in which to return it if it did not comply with the contract. 86 Ark. 284; 102 Ark. 146. If the policy was not delivered there was no contract of insurance, and the verdict should not be disturbed. 97 Ark. 231.

2. Instructions 1 and 2 given at appellee's request were correct, under the evidence. Decisions cited by appellant do not support his contention, while 98 Ark. 388 cited, favors appellee on point that the presumption of

delivery of a letter properly addressed may be rebutted by evidence that it was not in fact received by the addressee.

· *Joe Joiner,* for appellant, in reply.

The burden was on appellee., The note was the basis of the action, the execution of which appellee admitted and pleaded want of consideration.   82 Ark. 331.

### STATEMENT BY THE COURT.

This suit was instituted by the appellant on a promissory note executed by the appellee in payment of the cash premium on a fire insurance policy for which the appellee had applied in the Planters Fire Insurance Company.   On the back of the note was stamped, ''Policy No. 47,213.''

The appellee admitted the execution of the note, but denied liability on same, alleging that the insurance company had not executed and delivered to him a policy of insurance in accordance with his application; that said Fire Insurance Company was insolvent and no longer able to carry out its contract of insurance.

The testimony on behalf of the appellant tended to show that the appellee made application for insurance and executed the note in suit for the cash premium; that appellee's application was accepted by the insurance company and a policy of insurance was issued and mailed to the appellee; that appellee never notified the company that he had not received his policy and had not asked the company to issue him a new one or to return his note; that demand for the payment of the note had been made and same refused.   Record Book No. 3 of the insurance company, in which the policy holders in the Planters Fire Insurance Company were recorded, shows that a policy was issued to Joe Davis (appellee) and numbered 47,213, corresponding to the number stamped on the note.   The insurance company had become insolvent after the issuance of the policy and had been placed in the hands of appellant as receiver.

The receiver testified that appellee was carried as a policy holder and stock holder on the books of the company; that if he had suffered a loss of his property during the life of his policy his loss would have been paid, and if there had been any profits during that time he would have received his part. He executed power of attorney and proxy to certain officers of the company to act for him in stockholders' meetings, which was exercised by him through the secretary of the company. The receiver stated that he, as receiver, had no connection with the company in 1913 except as a policy holder, and that his evidence is drawn from the records of the company.

The appellee testified that he signed the note in suit and signed it on condition that the company would issue him a policy. He introduced a copy of the application which was signed by him and which, among other things, contained the following recital: "And should this application be accepted and a contract of insurance issued thereunder, I do hereby exercise and deliver this power of attorney and proxy and constitute and appoint M. H. Johnson, president, or T. T. Cotnam, vice-president, severally and not jointly, or their successors duly authorized, my sole, true and lawful attorney and agent for me and in my name, place and stead, to vote as my agent, attorney," etc. "This power of attorney and proxy shall be valid and effectual and shall continue in full force during the existence of this contract."

The company issued a receipt to the appellee for his application, showing that the application had been received and note for the cash premium executed, and contained this recital: "All of which to be returned if a contract be not issued. Contract to be sent by mail. Should you not receive your contract within fifteen days write to the company and give name of the solicitor and date of this receipt."

The appellee testified that he never got a policy, but that a week or two after the agent had gone he got a letter informing him that his application had been accepted. He did not know whether they had mailed the policy or not.

He received the receipt containing the recitals above set out. He never wrote them concerning the policy. Never asked them to return his note and never informed the company that he had not received the policy until after the suit was brought. After the company wrote him that they would send him the policy he never paid any more attention to it; just thought that he had been insured. It was about three and a half years after the application was made until this suit was brought.

Over the objection of appellant the court gave the following instructions:

"1. The court instructs the jury that if they find from the evidence that the policy was not issued in accordance to the application of the defendant and received by him in pursuance of said application then you will find for the defendant.

"2. The court instructs the jury that if you find from the evidence that a policy was issued under the application and mailed to the defendant, this raises the presumption that the defendant received this policy, but this presumption may be rebutted by evidence that the policy was not received."

And the court, among other instructions, at the instance of appellant, gave the following:

"5. If you find from the evidence that the plaintiff company issued defendant a receipt at the time his application for insurance was accepted and said receipt recited that his contract of insurance would be sent by mail, and further stated that if the contract was not received within fifteen days to write to the company, and if the defendant did not notify the plaintiff that he had not received his policy, and did not request the issuance of a new policy or the return of the premium note within a reasonable time, and that when plaintiff requested payment on defendant's note he did not ask for the return of his note or the issuance of the policy, you will find the defendant is estopped from denying the issuance of the policy, and you should find for the plaintiff."

The jury returned a verdict in favor of the appellee, and from a judgment entered in appellee's favor this appeal has been duly prosecuted.

WOOD, J., (after stating the facts). Under the undisputed evidence the contract of insurance was complete when the company accepted appellee's application, issued the policy and mailed the same to appellee. When this was done nothing remained for the insurance company to do.

In DuPriest v. American Central Life Ins. Co., 97 Ark. 229, we said: "It is very well settled that where nothing remains to be done by the insurer, the mailing of the policy, duly executed, to the insured constitutes a delivery."

The authorities generally hold that "Where an application is made for a policy of insurance which is accepted and the insured notified thereof, the contract is consummated without actual delivery of the policy in the absence of a provision in the application requiring delivery." 14 R. C. L., § 75, page 897. And on page 898, §.76, of the same volume, it is said: "It is the intention of the parties, and not the manual possession of the policy, which determines whether there has been a delivery thereof."

In volume 19 Cyc., page 603, it is said: "Where a policy has been duly executed in compliance with an application on the part of the insured, so that the minds of the parties have fully met as to the terms and conditions of the contract, a manual delivery of the policy to the insured is not essential to render it binding on the company."

Here the undisputed evidence shows that a manual delivery of the policy was not contemplated. All that the company had to do was to send the policy by mail, which it did. There was no provision in the application or the receipt showing that the parties contemplated that the contract was not to be complete until the appellee had received the same, but all that the company had to do was to issue the policy and send it through the mail.

The instructions, therefore, numbered 1 and 2, given at the instance of the appellee, under the undisputed evidence, raised abstract issues before the jury which were prejudicial to the appellant.

Appellee himself testified that the company wrote him that his application had been accepted and that it would send the policy. And he further testified that he wanted the insurance and would have paid for it if he had received the policy, but that it was never received. The testimony of the receiver shows that appellee had executed a power of attorney and proxy to officers of the company to act for him in stockholders' meetings, which these officers had exercised in his behalf.

These facts are sufficient to constitute a meeting of the minds so as to render the contract of insurance complete, and if appellee had suffered a loss during the life of the policy there is no doubt but what, under the circumstances, he would have been entitled to recover against the company. Moreover, under the undisputed evidence, the verdict of the jury was contrary to the law as given by the court in instruction No. 5. The appellee accepted from the appellant a receipt in which it was stated that the policy was to be sent by mail, and if the appellee did not receive the policy in fifteen days he was to write the company and give the name of the solicitor and date of the receipt, and the company was to return the cash premium note if the contract was not issued.

The court properly instructed the jury, under this evidence, that if the defendant did not notify plaintiff that he had not received his policy, and did not request the issuance of a new policy or the return of the premium note within a reasonable time that he was estopped from denying the issuance of the policy, and that their verdict should be for the plaintiff. The verdict of the jury was therefore contrary to the law as given by the court, and the court erred in refusing to set aside a judgment based upon such verdict and in overruling the appellant's motion for a new trial.

For the errors indicated the judgment is reversed, and judgment will be entered here in favor of the appellant.